UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS W. FARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-387-TAV-HBG |
| | ) |
| DR. NINER and | ) |
| DAN WALKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's complaint for violation of 42 U.S.C. § 1983. On March 31, 2020, the Court entered a memorandum and order granting summary judgment to and dismissing former Defendants Centurion, Corizon, Crump, and Byrge [Doc. 100]. These former Defendants have now filed a motion for entry of final judgment against them pursuant to Rule 54(b) of the Federal Rules of Civil Procedure [Doc. 103] and a memorandum in support thereof [Doc. 4]. Defendant Dr. Niner has also filed a motion for extension of time to file an answer in which he requests a copy of the most recent summons that was returned executed for him and filed under seal with the Court, asserts that he has not been properly served with process, and states that he preserves this and other defenses [Doc. 105]. The Court will address these filings in turn.

I.   **RULE 54(b) FINAL JUDGMENT**

First, as set forth above, former Defendants Centurion, Corizon, Crump, and Byrge have filed a motion in which they request that the Court enter final judgment in their favor

pursuant to Rule 54(b) based on the Court's grant of summary judgment to them [Doc. 103]. Plaintiff did not file a response to this motion and his time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff has waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. However, after considering the relevant factors, the Court finds that these former Defendants are not entitled to entry of a final judgment under Rule 54(b).

The purpose of Rule 54(b) is to permit immediate review of district court orders prior to the ultimate disposition of a case. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). The Sixth Circuit has held that to issue a final judgment under this rule, a district court must find both that there is a final judgment "as to one or more, but fewer than all, claims or parties" and "that there is no just reason for delay." *Id.* In determining whether there is just reason for delay, the district court must balance the needs of the parties against the interests of efficient case management. *Id.* Thus, a district court should consider the following non-exhaustive list of factors in determining whether to certify a judgment under Rule 54(b):

> (1) the relationship between the adjudicated claim and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986).

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* (quoting *Curtiss–Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)) (internal quotation marks omitted). Rather, only those cases that qualify as an "infrequent harsh case" justify Rule 54(b) certification. *Rudd Const. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983). Ultimately, the district court has "sound judicial discretion . . . to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Curtiss–Wright*, 446 U.S. at 8 (citation omitted).

Plaintiff's relevant claims in this case arise out of his assertion that jail officials and/or medical providers violated his Eighth Amendment rights by not providing him with medical treatment of a bleb in his left eye, at least in part due to a custom or policy of Defendants Corizon and/or Centurion [Doc. 2; Doc. 13 p. 4–9]. After thoroughly reviewing the filings and evidence in the record, the Court granted summary judgment in favor of former Defendants Centurion, Corizon, Crump, and Byrge as to Plaintiff's claims that (1) Corizon and/or Centurion's policy of providing less than adequate medical care to prisoners in order to save money was the moving force behind a violation of Plaintiff's constitutional rights; (2) Dr. Crump was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment; and (3) Defendant Byrge denied "reasonable requests for medical treatment in the face of an obvious need for such

3

attention" [Doc. 100]. Plaintiff's claims that (1) Defendant Walker also denied "reasonable requests for medical treatment in the face of an obvious need for such attention" and (2) Defendant Dr. Niner delayed medical treatment for him in violation of the Eighth Amendment are still proceeding in this action [Doc. 13 p. 4–9; Doc. 100].

However, Plaintiff's allegations against former Defendant Byrge and current Defendant Walker in his complaint are indistinguishable, as he generally alleges that these jail medical administrators denied his physicians' requests for referrals to eye specialists [Doc. 2 p. 21]. Based on this allegation, the Sixth Circuit found that Plaintiff was entitled to discovery to discern the extent of each of these individual's involvement in these denials [Doc. 13 p. 8], a finding that emphasizes the interrelated nature of these claims. Moreover, Plaintiff's allegation that these current and former jail medical administrator Defendants failed to follow up on a referral of Plaintiff to an eye specialist for medical care is likewise intertwined with Plaintiff's allegation that Dr. Crump should have ensured that he received proper treatment from a specialist for his eye issues [Doc. 2 p. 7–9; Doc. 65 p. 3–5; Doc. 100 p. 13]. Further, all of Plaintiff's claims against the current and former individual Defendants are tied together by Plaintiff's allegation that the former corporate Defendants' policy was an underlying cause of the denial of medical care to him that caused his injuries [Doc. 13 p. 4–5].

Additionally, former Defendants Corizon, Centurion, Crump, and Byrge have demonstrated that this is an infrequent case in which delay of entry of final judgment as to them would cause harsh results. Rather, they assert only that not entering final judgment

4

in their favor would result in delay of any appellate review and point out that appellate review of the grant of summary judgment to them after a trial on the remaining claims against Defendants Walker and Dr. Niner could result in a second trial in this case [Docs. 103 and 104]. However, such delay and the risk of a second trial are inevitable in all cases where a court grants summary judgment on less than all of the claims at issue therein without entering a final judgment as to the extinguished claims and these allegations therefore do support finding that this is an "infrequent harsh case" for which entry of a final judgment under Rule 54(b) is appropriate.

Thus, Plaintiff's remaining claims proceeding against Defendants Walker and Niner are so interrelated with his dismissed claims against former Defendants Crump, Corizon, Centurion, and Byrge that judicial efficiency does not favor entry of a final judgment in their favor pursuant to Rule 54(b) at this time. Thus, their motion for this relief [Doc. 103] will be **DENIED**.

## II. MOTION FOR EXTENSION AND SUMMONS

Defendant Niner has also filed a motion for extension of time of up to and including May 15, 2020, to file a responsive pleading to the complaint in which he requests a copy of the most recent summons that was returned executed for him and filed under seal with the Court, states that he has not been properly served with process in this case, and states that he preserves this and other defenses [Doc. 105]. For good cause shown therein, this motion [*Id.*] will be **GRANTED** only to the extent that the Clerk will be **DIRECTED** to send a copy of the most recent summons returned for Defendant Dr. Niner [Doc. 99] to

5

him and Defendant Dr. Niner shall have up to and including May 15, 2020, to file an answer or other responsive pleading to the complaint.

However, the Court hereby reminds Defendant Dr. Niner and his counsel that it has granted Plaintiff leave to proceed *in forma pauperis* herein [Doc. 5] and notes that counsel for Defendant Dr. Niner is, or should be, well aware of the applicable law regarding service of process in such cases [Doc. 79]. The Court further notes that as Plaintiff reasonably identified Defendant Dr. Niner in his complaint, Plaintiff is entitled to an extension of time to serve Defendant Dr. Niner if the most recent summons for Defendant Dr. Niner was not properly served. *Byrd v. Stone*, 94 F.3d 217, 219–20 (6th Cir. 1996); Fed. R. Civ. P. 4(m); David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction,* 152 F.R.D. 249, 257 (1994) (noting that where a federal court finds good cause to extend the time period for service in a case where the court's jurisdiction is not based on diversity, that finding provides a "link back to the complaint's filing, and . . . the action should be preserved as timely").

Thus, the Court will not look favorably on any motion to dismiss that Defendant Dr. Niner may file regarding service of process on him and if Defendant Dr. Niner still asserts that he was not properly served with the most recent returned summons for him after receiving a copy of that summons, he **SHALL** file either (1) a waiver of service of process or (2) a notice setting forth the address at which the U.S. Marshals Service may personally serve him with a copy of the complaint and summons within five (5) days after he receives a copy of this summons. Should Defendant Dr. Niner choose the second option,

the Clerk will be **DIRECTED** to have the U.S. Marshals Service personally serve Defendant Dr. Niner with a copy of the complaint and summons at the address on that notice and to charge him for all costs associated with this service of process, if it is necessary.

## III. CONCLUSION

For the reasons set forth above:

1. Defendants Centurion, Corizon, Crump, and Byrge's motion for entry of final judgment against them pursuant to Rule 54(b) of the Federal Rules of Civil Procedure [Doc. 103] is **DENIED**;

2. Defendant Dr. Niner's motion for an extension of time to file an answer [Doc. 105] is **GRANTED** only to the extent that the Clerk is **DIRECTED** to send a copy of the most recent summons returned for this Defendant [Doc. 99] to him and Defendant Dr. Niner shall have up to and including May 15, 2020, to file an answer or other responsive pleading to the complaint;

3. If Defendant Dr. Niner still asserts that he was not properly served with process after receiving a copy of the most recent returned summons for him, he **SHALL** file either (1) a waiver of service of process or (2) a notice setting forth the address at which the U.S. Marshals Service may personally serve him with a copy of the complaint and summons within five (5) days after he receives a copy of this summons; and

4. Should Defendant Dr. Niner choose to require personal service of process by filing a notice with his address thereon, the Clerk is **DIRECTED** to have the U.S. Marshals Service personally serve him with a copy of the complaint and summons at the address on that notice and to charge Defendant Dr. Niner for all costs associated with this service of process, if it is necessary.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7

Case 3:16-cv-00387-TAV-HBG   Document 106   Filed 04/23/20   Page 7 of 7   PageID #: 936