UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

THOMAS W. FARR,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        No.:   3:16-CV-387-TAV-HBG
                                   )
DR. PAUL NINER and                 )
DAN WALKER,                        )
                                   )
            Defendants.            )

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a prisoner's *pro se* complaint for violation of 42 U.S.C. § 1983. Now before the Court are Defendant Paul Niner's motion to dismiss Plaintiff's complaint [Doc. 109], Defendant Dan Walker's motion for summary judgment [Doc. 119], Plaintiff's counsel's motion to withdraw [Doc. 124], and Plaintiff's *pro se* motions for discovery, to amend his complaint, for reconsideration, and to appoint counsel [Docs. 126, 127, 130]. The Court will address these motions in turn.

## I.      DEFENDANT NINER'S MOTION TO DISMISS

First, Defendant Niner has filed a motion to dismiss Plaintiff's Eighth Amendment claim[1] against him under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, [Doc. 109] and a supporting memorandum [Doc. 110]. Plaintiff has responded [Doc. 123], and Defendant Niner has replied [Doc. 125].

---

[1] Defendant Niner also seeks to dismiss Plaintiff's negligence claim against him in this motion [Doc. 110 p. 7–8]. However, only Plaintiff's Eighth Amendment claim remains pending against this Defendant [Doc. 13 p. 4].

### A. Standard

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts which, if proved, would entitle the plaintiff to relief." *Southeast Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all of plaintiff's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). Courts liberally construe *pro se* pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs," by "intentionally denying or delaying access to medical care," or by "interfer[ing] with treatment once prescribed." *Id.* at 104–5. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

2

Notably, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under §1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle*, 429 U.S. at 107). And, "federal courts are generally reluctant to second guess medical judgments[.]" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)). However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*. (quoting *Westlake*, 537 F.2d at 860 n. 5).

### B.   Analysis

As Plaintiff points out in his response in opposition to Defendant Niner's motion, the Sixth Circuit has already found that the complaint states a plausible claim for violation of the Eighth Amendment upon which relief may be granted against Defendant Niner [Doc. 13 p. 8–9]. Specifically, the Sixth Circuit stated as follows:

> Farr alleged that, on June 23, 2015, after waking and discovering that he had lost "half" of the vision in his left eye, Dr. Niner examined him, said that something was wrong, and stated that "it does look serious." This suggests that Dr. Niner perceived that Farr faced "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Dr. Niner did not take immediate action but instead told Farr that Dr. Crump would return the following day and that he would make sure that he examined Farr. Despite this assurance, when Farr reported to the clinic the following morning and stated that he had lost all vision in his left eye, he was told that he would have to wait. When he returned, he was told that Dr. Crump had left. Dr. Lane then examined Farr, perceived the seriousness of his condition, and took immediate action that ultimately resulted in Farr's being examined at the University of Tennessee's Emergency Room.

3

> Because Farr alleged that he had lost only half of his vision
> when he saw Dr. Niner and that he could see nothing out of his
> left eye the following day, he adequately alleged that the delay
> in treatment had a "detrimental effect" on his vision. *Santiago
> v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Napier v.
> Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001)). Farr
> therefore adequately alleged an Eighth Amendment claim
> against Dr. Niner . . . .

[*Id.*].  The Sixth Circuit thus held that this Court erred in dismissing Plaintiff's Eighth Amendment claim against Defendant Niner under 28 U.S.C. § 1915(e)(2)(B)(ii).  [*Id.* at 9].

To support his assertion that he is entitled to judgment as a matter of law, despite this Sixth Circuit's holding, Defendant Niner states that Plaintiff's medical records establish that, on June 23, 2015, Defendant Niner examined Plaintiff, provided an assessment, and referred him to another doctor. [Doc. 110 p. 2–7].  He asserts that there was no emergency at that time which put him on notice that he needed to, or could, do more.  [*Id.* at 2].  He also alleges that: (1) Plaintiff has failed to sufficiently allege deliberate indifference as to him; (2) his alleged statement that Plaintiff's condition looked serious is insufficient to support such an inference; and (3) Plaintiff's allegations are essentially disagreement with the treatment Defendant Niner provided [*Id.* at 6–7].  He further notes that the standard for determining whether a complaint states a claim upon which relief may be granted pursuant to a motion to dismiss is stricter than the screening standard under the Prison Litigation Reform Act ("PLRA"), which is the standard under which the Sixth Circuit found that this Court erred in dismissing Plaintiff's complaint for failure to state an Eighth Amendment claim against Defendant Niner [Doc. 125].

4

However, as the Sixth Circuit noted, Plaintiff alleges in his complaint that Defendant Niner examined him and stated that his eye issue looked serious, but "did not take immediate action," and, while Plaintiff had only lost half of his vision in his left eye on the day that he saw Defendant Niner, he has lost all vision in that eye by the next day [Doc. 13 p. 8]. While Defendant Niner asserts that the medical records establish that no emergency existed at the time of this examination, making all reasonable inferences in Plaintiff's favor, as the Court must do at this stage of litigation, Plaintiff has alleged facts from which the Court can plausibly infer that, in this examination, Defendant Niner perceived and disregarded a substantial risk of harm to Plaintiff in a manner that caused him injury, and thereby violated Plaintiff's Eighth Amendment rights. *See Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (stating that "[a]n official is deliberately indifferent where she (1) 'subjectively perceived facts from which to infer substantial risk to the prisoner,' (2) 'did in fact draw the inference,' and (3) 'then disregarded that risk.'") (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Accordingly, Defendant Niner's motion to dismiss [Doc. 109] will be **DENIED**.

## II.    COUNSEL'S MOTION TO WITHDRAW

In his motion to withdraw from his representation of Plaintiff, counsel for Plaintiff states that he has no ability to visit Plaintiff due to the ongoing pandemic, has limited ability to communicate with Plaintiff by phone, and has informed Plaintiff of the obstacles to prevail in this action [Doc. 124]. Counsel also states that Plaintiff wishes to represent himself *pro se*, and counsel will provide Plaintiff with all pending motions [*Id.*]. For good

5

cause shown, and due to the lack of opposition, this counsel's motion to withdraw [Doc. 124] will be **GRANTED**, and the Clerk will be **DIRECTED** to remove Plaintiff's counsel from his designation as Plaintiff's counsel on the Court's docket.

## III.    PLAINTIFF'S MOTION TO AMEND

Plaintiff has filed a *pro se* motion to amend his complaint, in which he states that he intends to raise claims against Defendants Walker and Niner, former Defendants to whom the Court granted summary judgment, as well as newly named Defendants [Doc. 127]. Defendants Walker and Niner and former Defendants Joseph Crump and Corizon, Inc. ("Corizon") filed responses in opposition [Docs. 128, 132, 133, 134].

As Defendants and former Defendants correctly point out in their responses, Plaintiff did not attach a complete proposed amended complaint to this motion as required by this Court's local rules. E.D.TN. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion"). Accordingly, Plaintiff's failure to attach a complete proposed amended complaint is, itself, grounds for the Court to deny Plaintiff's motion to amend.

Moreover, as the Court noted above, in his motion to amend his complaint, Plaintiff seeks to amend his claims against Defendants Walker and Niner, to assert claims against former Defendants who were dismissed on summary judgment, and add new Defendants

6

[Doc. 127]. However, Plaintiff has not established that he is entitled to assert new or amended claims any former, new, or current defendant.

## A.    Former Defendants

As to former Defendants to whom the Court has not granted a final, appealable judgment [Doc. 106], allowing Plaintiff to amend his complaint to add claims against them would require the Court to revise its interlocutory order granting summary judgment in favor of these former Defendants. The Sixth Circuit has recognized that district courts may revise interlocutory orders under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders"); *Palmer v. Bagley*, 330 F. App'x 92, 105 (6th Cir. 2009) (observing, in a habeas case, that a district court can revise a non-final order under Rule 54(b) "at any time prior to final judgment"). However, courts generally only reconsider interlocutory orders where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation and footnote omitted).

Plaintiff has not established that: (1) any intervening change in controlling law regarding the Court's grant of summary judgment to former Defendants has occurred; (2) there is new evidence available; or (3) there is a need to correct any error in this interlocutory order or to prevent manifest injustice. While Plaintiff relies upon his jail medical records to support the claims that he proposes to add to his complaint, he does not

7

state which, if any, of the medical records he did not previously have to support his claims. Nor does he set forth any other reason for the Court to revise its interlocutory order granting summary judgment in favor of former Defendants. As such, Plaintiff has not established that he is entitled to amend his complaint as to any former Defendants.

### B. New Defendants

As to Plaintiff's request to amend his complaint to add claims against new Defendants, the Court must balance the harm to Plaintiff, if he is not permitted to amend, against the prejudice caused to the other parties if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty*, 408 F.3d 803, 817 (6th Cir. 2005).

Notably, federal district courts apply a state's statute of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to federal civil rights actions, including those under § 1983. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1)(B). Under the "discovery rule," a statute of limitations begins to run from the time when "a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his

injury and the cause thereof." *City State Bank v. Dean Witter Reynolds*, *Inc.*, 948 S.W.2d 729, 735 (Tenn. Ct. App. 1996) (citation omitted).

Plaintiff filed his motion to amend on August 4, 2020 [Doc. 127-1]. In his motion, Plaintiff asserts that the his amended complaint would involve claims that "from Dec[ember] 2012 [un]til June 2015" he "could not get the prison medical personnel to provide him with the appropriate medical treatment" for his eye condition [Doc. 127 p. 5]. He also states that he wishes to raise a claim of fraud relating to intentional falsifying of his medical records, which he states occurred on June 23, 2015 [*Id*. p. 2].

Based on Plaintiff's own statements in his motion to amend, all of the discrete actions that form the basis of his proposed amended claims occurred more than five (5) years before he filed the instant motion to amend. Thus, the statute of limitations has long expired for these claims against any new Defendants, and Rule 15(c) does not allow Plaintiff to add the new Defendants to this action. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (finding that "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run"); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that Rule 15(c) of the Federal Rules of Civil Procedure offers no remedy when plaintiff "simply did not know whom to sue or opted not to find out within the limitations period"). Accordingly, because his amendment to add the new proposed Defendants would be futile, the Court does not find it appropriate to allow Plaintiff to amend his complaint to add the new proposed Defendants .

9

### C.  Current Defendants

Finally, as to Plaintiff's request to amend the claims in his complaint against Defendants Niner and Walker, as noted previously, the Court should consider whether the proposed amendment "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford*, 53 F.3d at 753.  Notice and substantial prejudice to the opposing party are particularly critical factors in determining whether a court should grant an amendment. *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). The stage of the litigation is also relevant, particularly to the issue of prejudice to the opposing party. *See e.g., Wade v. Knoxville Utilities Bd*., 259 F.3d 452, 459 (6th Cir. 2001) (providing that "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (noting that "allowing amendment after the close of discovery creates significant prejudice[.]").

This case is set for trial on February 2, 2021, and the deadline for all discovery expired on August 3, 2020 [Doc. 98 p. 1], which is the date Plaintiff submitted his motion to amend his complaint [Doc. 127 p. 16].  Thus, given the age of this case and the late stage of this litigation, the potential prejudice to the remaining Defendants outweighs the prejudice to Plaintiff in denying his motion to amend.  Accordingly, the Court does not find it appropriate to allow Plaintiff to amend his complaint, at this juncture, as to current Defendants.

### D.     Conclusion

For all of the reasons set forth above, Plaintiff's motion to amend his complaint [Doc. 127] will be **DENIED**.

## IV.     DEFENDANT WALKER'S MOTION FOR SUMMARY JUDGMENT

Defendant Walker has filed a motion for summary judgment in which he asserts that Plaintiff filed an action arising out of the same events underlying his complaint with the Tennessee Claims Commission ("TCC") and thereby waived his right to file this action [Doc. 119].  Defendant Walker also argues that he had no personal involvement in any decisions regarding Plaintiff's medical care, including any referral to specialists [*Id*.].  In support of this motion, Defendant Walker filed an affidavit [Doc. 119-1], a copy of Plaintiff's TCC complaint [Doc. 119-2], a memorandum [Doc. 120], and a statement of undisputed facts [Doc. 121].  Plaintiff filed an untimely response to this motion in which he generally relies on his medical records, letters from non-experts, and his unsworn filings [Doc. 130].  Defendant Walker filed a reply [Doc. 131].  For the reasons set forth below, Defendant Walker's motion for summary judgment [Doc. 119] will be **GRANTED**.

### A.     Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party.  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

11

As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). "The non-moving party, on the other hand, must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). The Court must then determine "'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986))

### B. Analysis

Plaintiff's claim proceeding against Defendant Walker arises out of his allegation that this Defendant and/or former Defendant Byrge "denied his physicians' requests for referrals to eye specialists" [Doc. 13 p. 8]. However, Defendant Walker has presented evidence, though his own sworn declaration, that he was not personally involved in medical clinical decisions, including requests for and referrals to specialized medical care, and specifically, had no personal involvement with Farr's medical care [Doc. 119-1 p. 1–2]. Thus, Defendant Walker has met his burden to show that he did not directly participate, encourage, authorize, or acquiesce in any violation of Plaintiff's constitutional rights such that he may be liable for Plaintiff's Eighth Amendment claim against him under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

12

While Plaintiff generally relies on his medical records to oppose Defendant Walker's motion [Doc. 130 p. 1], he has cited no proof in the record to dispute Defendant Walker's sworn testimony that he had no involvement in Plaintiff's medical care, including any request for or referral to specialized care. Thus, Plaintiff has failed to meet his burden to present evidence from which a reasonable jury could find that Defendant Walker perceived and disregarded any substantial risk of serious harm to Plaintiff, as required to find in Plaintiff's favor. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994).[2]

Accordingly, Defendant Walker's motion for summary judgment [Doc. 119] will be **GRANTED**.

## V.      PLAINTIFF'S MOTION FOR RECONSIDERATION

In his motion for reconsideration, which the Court liberally construes to seek relief under Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff requests that the Court reconsider its decision to grant summary judgment to former Defendants Centurion of Tennessee ("Centurion"), Corizon, Crump, and Lynndy Byrge [Doc. 130]. Plaintiff generally alleges that these former Defendants "did not provide him with appropriate levels of health care," and thus, violated his Eighth Amendment rights. In support, Plaintiff relies on his medical records and two opinion letters from non-expert individuals, one of whom

---

[2] As noted above, Defendant Walker also seeks summary judgment based on his assertion that Plaintiff filed a claim with the TCC that is identical to his claims in this matter, and Tenn. Code Ann. § 9-8-307(b) therefore bars Plaintiff's claims [Doc. 120 p. 3–4]. This appears to be a potentially valid argument for dismissal without prejudice of Plaintiff's claims against Defendant Walker [Doc. 119-2]. *White by Swafford v. Gerbitz*, 860 F.2d 661, 664–65 (6th Cir. 1988). However, as Defendant Walker has also presented undisputed evidence that he was not involved in Plaintiff's medical care, the Court will grant summary judgment on this ground instead.

13

is Plaintiff's sister [Doc. 130 p. 1; Doc. 63 p. 50; Doc. 127-2].[3]  All former Defendants

filed responses in opposition to this motion [Docs. 136, 137, 138].

As set forth above, while the Court granted summary judgment to former

Defendants Crump, Byrge, Centurion, and Corizon [Doc. 100], it declined to enter a final

judgment against them [Doc. 106].  Thus, this decision "may be revised at any time before

the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

*See* Fed. R. Civ. P. 54(b).  However, courts generally only reconsider interlocutory orders

where there is "(1) an intervening change of controlling law; (2) new evidence available;

or (3) a need to correct a clear error or prevent manifest injustice."  *Rodriguez v. Tenn.*

*Laborers Health & Welfare Fund*, 89 F. App'x. 949, 959 (6th Cir. 2004) (citing *Reich v.*

*Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

Plaintiff has not established that he is entitled to relief under Rule 54(b).  First, in

granting the former Defendants' motion for summary judgment, the Court considered all

of Plaintiff's medical records that were in the record at that time.  Plaintiff has not specified

which, if any, of the additional medical records that he now seeks to rely on amount to

"new evidence" that would merit revision, under Rule 54(b), of the Court's prior order

granting summary judgment.  Moreover, Plaintiff has not alleged any change in the relevant

---

[3] Although the Court has located one of the two letters referenced by Plaintiff, namely, the one filed by his sister [Doc. 63 at 50], the Court has examined all of Plaintiff's filings in the record and has not found any letter from "Johnson."  The Court notes that Plaintiff later filed a letter asking the Court to advise whether he had filed, *inter alia*, an opinion letter from Garry Johnson [Doc. 139].  Plaintiff also states that he relies on his own declaration to support his motion for reconsideration [Doc. 130 p. 1], but the Court's examination of the record has not revealed any declaration or other sworn filing from Plaintiff.  Nevertheless, the Court has reviewed the entire record before it in making its determination on Plaintiff's motion for reconsideration.

14

law, any clear error, or manifest injustice.  Thus, Plaintiff's motion for reconsideration [Doc. 130 p. 1] will be **DENIED**.

## VI.    PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff also filed a motion to appoint counsel, along with his motion for reconsideration [Doc. 130 at 2–3].  In this motion, Plaintiff does not address his lack of opposition to his former attorney's motion to withdraw, but insists that he needs the Court to appoint counsel to represent him due to, *inter alia*, his incarceration and his inability to obtain discovery or retain an expert witness [*Id*.].  Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances.  *Lavado v. Keohane*, 992 F.2d 601, 605–6 (6th Cir. 1993).  A district court has discretion to determine whether to appoint counsel for an indigent plaintiff.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (stating that the appointment of counsel to civil litigations is "left to the sound discretion of the district court" and "will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights" (internal quotation marks omitted)).  In exercising its discretion, factors that the district court should consider include the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims.  *Lavado*, 992 F.2d at 606.

Notably, this is a § 1983 civil rights action that, at this point, involves only Plaintiff's single claim for violation of the Eighth Amendment against Defendant. Niner.  The Court does not find that such claim, standing alone, is overly complex such that appointment of

15

counsel is warranted. While this claim may require Plaintiff to present expert testimony, Plaintiff has stated in his filings that he will present such testimony through Dr. R. Keith Shuler, Jr. [*see*, *e.g.*, Doc. 80 p. 16]. Plaintiff requested a subpoena form for Dr. Shuler, presumably for discovery purposes, and the Clerk provided such form [Doc. 78]. Thus, it does not appear that Plaintiff requires appointed counsel to obtain an expert witness to support his claim. *See* Fed. R. Evid. 706. Further, it is apparent from Plaintiff's filings that he has been able to adequately present this claim. Thus, after considering the relevant factors, the Court finds that this is not an extraordinary case where Plaintiff would be entitled to appointment of counsel. Accordingly, Plaintiff's motion to appoint counsel [Doc. 130 p. 2–3] will be **DENIED.**

## VII. PLAINTIFF'S MOTION FOR DISCOVERY

Plaintiff has also filed a motion for discovery, dated August 3, 2020, in which he sets forth discovery requests for current and former Defendants [Doc. 126]. Defendant Walker filed a response in opposition in which he notes that the deadline for completion of discovery in this case expired on August 3, 2020 [Doc. 129; Doc. 98 p. 1].

The Court notes that, although labeled a "motion," Plaintiff does not appear to seek relief from the Court, but rather, sets forth discovery requests for current and former Defendants [Doc. 126]. However, this Court's local rule provides that parties generally should not file discovery requests with the Court. *See* E.D.TN. LR 5.3. Accordingly, Plaintiff's motion for discovery [Doc. 126] will be **DENIED**. However, because Plaintiff was represented by counsel when the Court entered its most recent scheduling order [Doc.

16

98], and the Court is allowing Plaintiff's counsel to withdraw from that representation, as set forth above, Defendant Niner will be **DIRECTED** to respond to Plaintiff's discovery requests, contained in this motion. Additionally, the Court's scheduling order [Doc. 98] will be **AMENDED** to the extent that the deadline for completion of discovery in this action will be <u>November 6, 2020</u>, and the deadline for dispositive motions will be <u>November 27, 2020</u>.

## VIII. CONCLUSION

For the reasons set forth above:

1. Defendant Niner's motion to dismiss [Doc. 109] is **DENIED**;

2. Plaintiff's counsel's motion to withdraw [Doc. 124] is **GRANTED** and the Clerk is **DIRECTED** to remove his designation as Plaintiff's counsel from the Court's docket sheet;

3. Defendant Walker's motion for summary judgment [Doc. 119] is **GRANTED**;

4. Plaintiff's motion for reconsideration of the Court's decision to grant summary judgment to former Defendants Crump, Byrge, Centurion, and Corizon [Doc. 130] is **DENIED**;

5. Plaintiff's motion to appoint counsel [Doc. 130] is **DENIED**;

6. Plaintiff's motion to amend his complaint [Doc. 127] is **DENIED**;

7. Plaintiff's motion for discovery [Doc. 126] is **DENIED,** but Defendant Niner is **DIRECTED** to treat this filing as a request for discovery;

8. The Court's scheduling order [Doc. 98] is **AMENDED** to the extent that the deadline for completion of discovery in this action will be <u>November 6, 2020</u>, and the deadline for dispositive motions will be <u>November 27, 2020</u>; and

9. Plaintiff is further **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.

17

Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D.TN. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE