UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS W. FARR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CV-387-TAV-HBG ) |
| DR. PAUL NINER, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Now before the Court are Defendant Dr. Niner's motions in limine [Docs. 140, 141, 142, 143, 144] and motion for summary judgment in his favor on Plaintiff's claim that this Defendant was deliberately indifferent to his serious medical need, which is the only claim remaining herein [Docs. 13, 100, 145, 151]. In support of his motion for summary judgment, Defendant Dr. Niner filed his own affidavit [Doc. 151-1 p. 1–3]. He also relies upon excerpts of Plaintiff's medical records [Doc. 77 p. 16–18], excerpts from Plaintiff's deposition [Doc. 70-2] and the pleadings in this case [Doc. 151 p. 1]. Plaintiff has not filed a response to the motion for summary judgment, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Thus, Plaintiff waived any opposition to this dispositive motion [*Id.*]. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, Defendant Dr. Niner's summary judgment motion [Doc. 151] will be **GRANTED**, his motions in limine [Docs. 140, 141,

142, 143, 144] will be **DENIED as moot**, and this action will be **DISMISSED with prejudice**.

I.	STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

2

## II. PLAINTIFF'S ALLEGATIONS

The United States Court of Appeals for the Sixth Circuit summarized Plaintiff's only remaining claim proceeding herein as follows:

> Farr alleged that, on June 23, 2015, after waking and discovering that he had lost "half" of the vision in his left eye, Dr. Niner examined him, said that something was wrong, and stated that "it does look serious." This suggests that Dr. Niner perceived that Farr faced "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Dr. Niner did not take immediate action but instead told Farr that Dr. Crump would return the following day and that he would make sure that he examined Farr. Despite this assurance, when Farr reported to the clinic the following morning and stated that he had lost all vision in his left eye, he was told that he would have to wait. When he returned, he was told that Dr. Crump had left. Dr. Lane then examined Farr, perceived the seriousness of his condition, and took immediate action that ultimately resulted in Farr's being examined at the University of Tennessee's Emergency Room. Because Farr alleged that he had lost only half of his vision when he saw Dr. Niner and that he could see nothing out of his left eye the following day, he adequately alleged that the delay in treatment had a "detrimental effect" on his vision. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001)). Farr therefore adequately alleged an Eighth Amendment claim against Dr. Niner . . . .

*Farr v. Centurion of Tennessee, LLC,* No. 17-5482, 2018 U.S. App. LEXIS 15157 at *11-12 (6th Cir. June 5, 2018). Plaintiff's deposition testimony regarding this claim was consistent with these allegations [Doc. 70-2 p. 31–42]. However, Plaintiff disputed the medical records indicating that he had a chronic care visit with Defendant Dr. Niner on June 23, 2015, and instead insisted that he had approached Defendant Dr. Niner that day due to what he perceived as an emergency in his eye [*Id.* at 34–35].

Also, Plaintiff has stated his intention to use a physician, Dr. R. Keith Shuler, Jr., who treated him after he was taken to the hospital for his eye issue, as an expert to testify

that the delay in his receipt of treatment for his eye condition had a detrimental effect on him [*see*, *e.g.*, Doc. 80 p. 16], and the Clerk provided Plaintiff with a subpoena form for this doctor [Doc. 78]. However, Plaintiff has not produced an affidavit from Dr. Shuler or any other expert regarding any detrimental effect on him due to the delay in his receipt of medical treatment for his eye issue, nor has he sought appointment of an expert witness. *See* Fed. R. Evid. 706.

### III.     DEFENDANT DR. NINER'S ALLEGATIONS

Defendant Dr. Niner is a physician who provided medical care to inmates in the Morgan County Correctional Complex ("MCCX") during the time period underlying Plaintiff's complaint [Doc. 151-1 p.1]. Between November 12, 2012, and June 24, 2015, Plaintiff received care from a number of medical providers at MCCX [*Id.*]. On June 23, 2015, Defendant Dr. Niner saw Plaintiff for a chronic care visit "in accordance with [his] routine practice" [*Id.*]. At the time of this visit, "[t]here was no indication of an emergent medical issue" [*Id.*]. But Defendant Dr. Niner referred Plaintiff for a follow up with the MCCX ophthalmology provider the next day "[b]ased on the chronic condition of his left eye issue" [*Id.* at 2]. Defendant Dr. Niner did so because at the time of his examination of Plaintiff, his condition was stable and Defendant Dr. Niner did not determine that he needed emergency care [*Id.*]. Specifically, Defendant Dr. Niner did not see any indication that Plaintiff would lose his eyesight or otherwise had an emergent medical need [*Id.*]. According to Defendant Dr. Niner, his treatment of Plaintiff was appropriate for Plaintiff's presentation, and none of his acts or omissions caused Plaintiff any injury [*Id.*]. Defendant

4

Dr. Niner's opinions are based on his review of Plaintiff's medical records and his medical education, training, and experience, and "are expressed to a reasonable degree of medical certainty" [*Id.*].

IV. **ANALYSIS**

As set forth above, Defendant Dr. Niner seeks summary judgment in his favor based on, among other things, his sworn testimony as a physician that he did not cause Plaintiff any injury [Doc. 151-1 p. 2]. Plaintiff has not come forward with any evidence to dispute this proof.

Courts employ a two-prong test with objective and subjective components to assess claims alleging deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff must establish both prongs to succeed on such a claim. *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). For the reasons set forth below, Plaintiff has not met the objective prong, and thus the Court will not reach the subjective prong.

Specifically, under the objective prong, the court must determine whether the plaintiff had a sufficiently serious medical need. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). A plaintiff may establish a serious medical need in two ways: (1) by showing that the injury was so obvious that even a lay person would easily recognize the need for medical treatment; or (2) if the injury was less-obvious, by showing the detrimental effect of a delay in treatment. *Blosser v. Gilbert*, 422 F. App'x 453, 460 (6th Cir. 2011) (citing *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)).

Where a plaintiff's claim arises from an injury so obvious that even a layperson would easily recognize the necessity for a doctor's attention, the plaintiff need not present medical evidence to establish that his condition worsened due to the delay in treatment. *Blackmore*, 390 F.3d at 899–900 (internal quotation marks and citations omitted). However, where the claim arises out of "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record" to establish that the delay in treatment had a detrimental effect on his condition. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001)).

As set forth above, the Sixth Circuit has already determined that Plaintiff's Eighth Amendment claim against Defendant Dr. Niner falls in the latter category of such claims [Doc. 13 p. 8–9 (Sixth Circuit opinion citing *Santiago*, 734 F.3d at 590, and finding that because Plaintiff alleged in his complaint that his eye condition worsened after his visit with Defendant Dr. Niner, he stated a claim for violation of the Eighth Amendment)]. The record supports this finding, as Plaintiff states in his complaint that he personally did not realize how serious his eye injury was at the time of Defendant Dr. Niner's examination of him [Doc. 2 p, 12], and nothing else in the record suggests that Plaintiff's eye injury was so obvious on June 23, 2015 that even a layperson would have easily recognized that Plaintiff needed emergent medical attention at that time. Thus, Plaintiff had to come forward with medical evidence establishing that Defendant Dr. Niner's acts that caused a

6

delay in treating his eye issue had a detrimental effect on him for that claim to survive Defendant Dr. Niner's summary judgment motion, which is supported by expert testimony that the delay in treatment did not injure Plaintiff. *Id.*; *Canady v. Wilkerson*, 90 F. App'x 863, at *865 (6th Cir. 2004) (affirming district court's grant of summary judgment where the plaintiff alleged that his eye injury worsened due to a delay in medical treatment but failed to come forward with expert proof to support that assertion in his response to a motion for summary judgment that was supported by expert testimony that the delay did not have a detrimental effect). But he has not done so. As such, Plaintiff has failed to set forth any proof from which a reasonable jury could find that he had an objectively serious medical need at the time of his interaction with Defendant Dr. Niner on June 23, 2015.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, Defendant Dr. Niner is entitled to summary judgment.

## V.  CONCLUSION

For the foregoing reasons, Defendant Dr. Niner's motion for summary judgment [Doc. 151] will be **GRANTED**, his motions in limine [Docs. 140, 141, 142, 143, 144] will be **DENIED as moot**, and this action will be **DISMISSED with prejudice**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith,

7

and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE