UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS W. FARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CV-387-TAV-HBG |
| | ) |
| DR. PAUL NINER, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

In 2012, while a prisoner at the Morgan County Correctional Complex ("MCCX"), Plaintiff underwent eye surgery with Dr. Chasidy Singleton that left a diffuse bleb on his left eye [Doc. 100 p. 4]. The bleb subsequently caused Plaintiff varying levels of discomfort, which Dr. Singleton and MCCX optometrist Dr. Joseph Crump both treated over the next three years [*Id.* at 4–6]. However, when Plaintiff woke up on June 23, 2015, he had lost approximately half of the vision in his left eye and was experiencing other issues in that eye [*Id.* at 6]. Plaintiff saw MCCX physician Dr. Paul Niner that day and told Dr. Niner that he had an emergency [*Id.*]. Dr. Niner agreed that Plaintiff's eye issue looked serious but did not obtain emergent care for Plaintiff and instead referred him to see Dr. Crump the next day [*Id.*]. However, no jail official called Plaintiff to see Dr. Crump the next day, but he was seen that day by another MCCX doctor, who sent Plaintiff for emergent treatment [*Id.* at 6–7]. According to Plaintiff, he lost all vision in his left eye after this incident. He filed the instant lawsuit pursuant to

42 U.S.C. § 1983 challenging the medical care that he received at MCCX for his left eye [Doc. 2 pp. 6–24].

The Court has now dismissed or granted summary judgment as to all Defendants [Docs. 5, 6, 13, 100, 145, 155, 156], and closed this matter [Doc. 156]. Now before the Court is Plaintiff's motion for reconsideration of all of the Court's opinions granting summary judgment [Doc. 157]. All relevant Defendants have filed responses in opposition to this motion [Docs. 159, 161, 162, 163, 164]. The Court will summarize the relevant procedural background of this case, including the relevant summary judgment filings, before addressing this motion [Doc. 157], which, for the reasons set forth below, will be **DENIED**.

I.  **BACKGROUND**

On June 21, 2016, Plaintiff filed his complaint against private healthcare corporations Centurion of Tennessee, LLC and Corizon, Inc.; physicians Dr. Crump, Dr. Singleton, and Dr. Niner; MCCX Health Services Administrators Dan Walker and Lynndy Byrge;[1] MCCX Job Coordinator Rhonda Armes; MCCX Warden Shawn Phillips; MCCX Deputy Warden of Treatment Stanton Heidle; and Tennessee Department of Corrections ("TDOC") Medical Director Kenneth Williams [Doc. 2 pp. 1, 24]. The Court dismissed the complaint at screening [Docs. 5, 6], and Plaintiff appealed this dismissal

---

[1] Plaintiff named this individual as Lynndy Houston-Fagan [Doc. 1 p. 1], but subsequent filings established that her last name changed to Byrge, and that is how the Court will refer to her herein [Doc. 70-1 p. 1; Doc. 100 p. 15].

as to all Defendants except Deputy Warden Heidle and Warden Phillips [Doc. 7; Doc. 13 p. 4].

The Sixth Circuit affirmed the Court's dismissal of Plaintiff's claims against Dr. Singleton and TDOC Director Williams but vacated its dismissal of his Eighth Amendment claims against Centurion, Corizon, Walker, Byrge, Dr. Crump, and Dr. Niner [Doc. 13 p. 9]. Specifically, in the portion of its opinion summarizing the procedural history of Plaintiff's complaint and setting forth the applicable standard, the Sixth Circuit stated that, to the extent that Plaintiff alleged that any defendant was negligent or committed medical malpractice, he failed to state a claim under § 1983 [*Id*. at 4]. As such, it specified that its substantive analysis addressed "only [Plaintiff]'s Eighth Amendment claims" [*Id*.]. The Sixth Circuit then analyzed Plaintiff's claims against each remaining Defendant and found that Plaintiff's complaint sufficiently alleged that: (1) Corizon and Centurion violated Plaintiff's rights under the Eighth Amendment due to a policy of providing less than adequate medical care to save money; (2) Dr. Crump was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment; (3) Walker and Byrge denied "reasonable requests for medical treatment in the face of an obvious need for such attention" in violation of the Eighth Amendment; and (4) Dr. Niner delayed providing Plaintiff medical treatment in violation of Plaintiff's rights under the Eighth Amendment [*Id*. at 4–9]. However, the Sixth Circuit affirmed the Court's dismissal of Dr. Singleton because Plaintiff had not sufficiently alleged that the care she provided was "woefully inadequate" [*Id*. at 6].

On November 7, 2019, Dr. Crump filed a motion for summary judgment [Doc. 56]. Plaintiff filed two responses to this motion [Docs. 65, 81], and Dr. Crump filed a reply [Doc. 67]. Then, on December 23, 2019, Corizon, Byrge, and Centurion filed motions for summary judgment [Docs. 68, 70, 73], Plaintiff filed responses in opposition [Docs. 83, 84], and Byrge filed a reply [Doc. 85].

On March 23, 2020, counsel for Plaintiff filed a notice of appearance [Doc. 95] and a motion to modify the scheduling order, continue the trial date, reopen the discovery period for 90 days for limited purposes, and defer ruling on the pending motions for summary judgment [Doc. 96]. On March 27, 2020, the Court granted this motion in part to the extent that it entered a new scheduling order extending the discovery period, but denied the motion in part to the extent that it asked the Court to defer ruling on Defendants' pending motions for summary judgment [Docs. 97, 98].

On March 31, 2020, the Court entered a memorandum and order granting summary judgment as to Dr. Crump, Corizon, Byrge, and Centurion [Doc. 100]. Specifically, the Court granted summary judgment to Byrge because she filed an "affidavit in which she testifies that she was not responsible for Plaintiff's medical care, did not make any decisions regarding that medical care, and was not deliberately indifferent to any of Plaintiff's serious medical needs during the time period underlying Plaintiff's complaint," and Plaintiff did not present any proof to dispute that affidavit [Doc. 100 pp. 9–10]. The Court also granted summary judgment to Dr. Crump because "the undisputed evidence in the record establishe[d] that Dr. Crump was not deliberately indifferent to a substantial risk

4

of harm to Plaintiff, but rather took reasonable measures to abate any risk of harm to Plaintiff that he perceived" [*Id*. at 10–14]. Next, the Court granted summary judgment to Centurion and Corizon because Plaintiff did not cite any evidence from which a reasonable jury could find that a custom or policy of these entities caused any violation of his constitutional rights, and, to the contrary, "state[d] in his response in opposition to Defendant Centurion's motion for summary judgment that "[o]f course Centurion does not have a policy in place that results in 'deliberate indifference' to Plaintiff's or any other inmates['] medical need" [*Id*. at 14–15]. However, on April 23, 2020, the Court denied these Defendants' motion for entry of a final judgment pursuant to Rule 54(b) [Doc. 106].

On June 26, 2020, Walker filed a motion for summary judgment [Doc. 119]. On August 17, 2020, Plaintiff filed a pro se response in opposition in which he also requested reconsideration of the Court's order granting summary judgment to Dr. Crump, Corizon, Byrge, and Centurion [Doc. 130]. Walker filed a reply [Doc. 131].

On July 15, 2020, Plaintiff's counsel filed a motion to withdraw from this action [Doc. 124], which no party opposed. Thereafter, Plaintiff filed a pro se motion to amend his complaint [Doc. 127]. Walker, Dr. Niner, Dr. Crump, and Corizon filed responses in opposition to Plaintiff's motion to amend [Docs. 128, 132, 133, 134]. Byrge, Centurion, Corizon, and Dr. Crump also filed responses in opposition to Plaintiff's motion for reconsideration of the Court's opinion granting them summary judgment [Docs. 136, 137, 138].

5

On September 30, 2020, Plaintiff filed a document that he titled a "blanket motion," which the clerk docketed as a response, in which he stated his intention to reply to Defendants' responses in opposition to his motions and to revise his motion to amend his complaint [Doc. 146 pp. 1–2, 20]. With this filing, Plaintiff submitted his first sworn statement in this case, specifically a declaration in which he declared under penalty of perjury that all statements in pages 7 to 52 of his motion to amend his complaint were true [*Id.* at 18–19], which he stated should be retroactively inserted into his motion to amend his complaint [*Id.* at 2]. However, it is apparent from its substantive allegations that this "blanket motion" was actually an untimely reply to Defendants' responses in opposition to his motions to amend his complaint and for reconsideration, and/or an untimely attempt to amend his motion to amend his complaint [*see generally* Doc. 146]. E.D. Tenn. L.R. 7.1 (providing that "any reply brief and accompanying material shall be served and filed no later than 7 days after the service of the answering brief"). Plaintiff provided no reason why he could not have provided the information and declaration in this motion earlier [*Id.*].

Moreover, the clerk did not docket Plaintiff's "blanket motion" until October 9, 2020, which was three days after the Court entered its order granting Plaintiff's counsel's motion to withdraw, granting Walker's motion for summary judgment, and denying Plaintiff's motions for reconsideration and to amend his complaint [Docs. 145, 146].[2]

---

[2] Although the mailing envelope, as scanned onto the record, does not reflect a mailing date, Plaintiff signed his motion on October 7, 2020, one day after the Court's ruling on Walker's motion for summary judgment [Doc. 146, p. 21]

Specifically, the Court granted Walker's motion for summary judgment because he had presented his own sworn declaration stating "that he was not personally involved in medical clinical decisions, including requests for and referrals to specialized medical care, and specifically, had no personal involvement with [Plaintiff]'s medical care," and Plaintiff's response "cited no proof in the record to dispute" this testimony [Doc. 145 pp. 12–13]. In this order, the Court noted that, in its review of the record, on which it relied to rule on the pending motions, it had not located any sworn filings from Plaintiff [*Id.* at 14 n.3].

Subsequently, on October 19, 2020, the Clerk docketed a sworn declaration from Plaintiff regarding his allegations in this case, which was dated July 6, 2020 [Doc. 147 pp. 1–5], and on which Plaintiff wrote "mailed on October 15, 2020" [*Id.* at 5].[3]

On November 25, 2020, Dr. Niner filed a motion for summary judgment [Doc. 151]. Plaintiff did not file a response. On January 18, 2021, the Court granted Dr. Niner summary judgment because he presented "his sworn testimony as a physician that he did not cause Plaintiff any injury" and Plaintiff failed to respond with "with medical evidence establishing that Dr. Niner's acts that caused a delay in treating plaintiff's eye issue had a detrimental effect on him" [Doc. 155 pp. 4–8].

---

[3] The mailing envelope also indicates that this filing was submitted for mailing at the Northeast Correctional Complex on October 15, 2020 [Doc. 147 p. 21].

On the same day that the Court granted summary judgment to Dr. Niner, Plaintiff filed the instant motion for reconsideration [Doc. 157 p. 10], which is now before the Court, before filing a notice of appeal [Doc. 158].[4]

## II. STANDARD

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "a motion with that title that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013).

While the Court entered summary judgment in favor of other Defendants prior to granting summary judgment to Dr. Niner on January 19, 2021, those were interlocutory orders subject to Rule 54(b) of the Federal Rules of Civil Procedure. Thus, as Plaintiff filed the instant motion for reconsideration on the same day that the Court entered its final appealable judgment in this case [Docs. 156, 157], the Court will consider whether Plaintiff is entitled to relief under Federal Rule of Civil Procedure 59(e) based on this motion.

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*,

---

[4] The Sixth Circuit issued a letter [Doc. 160] informing Plaintiff that his appeal would be held in abeyance pending this Court's resolution of his motion for reconsideration, which the Court now denies.

428 F.3d 605, 620 (6th Cir. 2005)). However, "[c]ourts will not entertain arguments that could have been but were not raised before the just-issued decision" in ruling on Rule 59(e) motions. *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020).[5] Moreover, a district court should grant relief under Rule 59(e) sparingly. *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014).

III. ANALYSIS

Plaintiff has not established that he is entitled to relief under Rule 59(e). First, Plaintiff argues in this motion that, in its opinion partially vacating the Court's dismissal of his complaint at screening, the Sixth Circuit did not only vacate the Court's dismissal of his Eighth Amendment claims against Byrge, Walker, Corizon, Centurion, Dr. Crump, and Dr. Niner, but also vacated the Court's dismissal of his claims against these Defendants based on cost evasion, negligent care, and failure to provide Plaintiff with timely and appropriate medical care [Doc. 157 pp. 1–4].

However, Plaintiff's allegation that the Sixth Circuit vacated the Court's dismissal of Plaintiff's negligence and/or medical malpractice claims in addition to his Eighth Amendment claims does not comport with the plain language of that opinion [Doc. 13

---

[5] Even if the Court were to construe plaintiff's motion as a motion for reconsideration under Rule 60(b), for the same reasons explained below, the Court would find that plaintiff is not entitled to relief under Rule 60(b). *See* Fed. R. Civ. P. 60(b) (permitting a court to vacate a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief); *see also Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (stating that the catch-all provision of Rule 60(b)(6) applies only in "unusual and extreme situations where principles of equity *mandate* relief" (internal quotation marks omitted) (emphasis in original)).

p. 4 (providing that, to the extent that Plaintiff alleged that any Defendant committed negligence medical malpractice, he failed to state a claim for violation of the Eighth Amendment, and that the Sixth Circuit thus limited its substantive analysis of Plaintiff's complaint to claims for violation of the Eighth Amendment)]. Moreover, the Sixth Circuit affirmed the Court's dismissal of Plaintiff's negligence claims against Dr. Singleton [*Id.* at 6], which would not comport with a vacatur of the Court's dismissal of Plaintiff's related negligence claims against Byrge, Walker, Corizon, Centurion, Dr. Crump, and/or Dr. Niner. Accordingly, the Court does not find Plaintiff's reading of the Sixth Circuit's opinion compelling, and Plaintiff is not entitled to Rule 59(e) relief on this ground.

Moreover, the remainder of Plaintiff's motion to reconsider consists entirely of Plaintiff presenting arguments in support of his claims that he previously presented and/or new arguments in support of his claims, without any indication that those arguments are based on newly discovered evidence or otherwise entitle Plaintiff to relief under Rule 59(e). Specifically, Plaintiff reargues that his medical records establish a material fact dispute between the parties and cites his declaration regarding his version of facts underlying his claims [*Id*. at 2–3], which, as set forth above, he did not file with the Court until after the Court had granted summary judgment to all Defendants except Dr. Niner [Doc. 147]. Plaintiff also notes that the Sixth Circuit found that his complaint stated a claim under § 1983 as to Corizon, Dr. Crump, Byrge, Walker, and Dr. Niner, before arguing that these individuals and entities also violated TDOC policies [Doc. 157 pp. 4–5]. He next claims that an affidavit filed in support of Corizon's motion for summary judgment stating that

10

Corizon had no involvement in his care and treatment from November 2012 through June 2015 establishes that Corizon, Walker, and Dr. Crump failed to provide him with appropriate medical treatment due to "cost evasion, lack of concern, negligent care, etc." [*Id*. at 5–6].

Plaintiff also asserts that while Walker's affidavit stated that he had no involvement in Plaintiff's medical care at MCCX, two other MCCX health services administrators have told Plaintiff that one of the duties of a health services administrator at MCCX is to ensure that inmates receive proper and timely medical care [*Id*. at 6–7]. Plaintiff additionally argues that while "Dr. Crump complied with the acceptable standard of care of an optometrist," he failed to ensure that Plaintiff received treatment from an ophthalmologist despite recognizing that Plaintiff required such treatment, and that Byrge's affidavit stating that she had no involvement in Plaintiff's health care is false [*Id*. at 7–9].

Again, however, Plaintiff either presented these arguments earlier, or fails to present any reason that he could not have presented these arguments earlier. As set forth above, it is not proper for Plaintiff to use Rule 59(e) to present arguments that he could have presented earlier. *See Banister*, 140 S. Ct. at 1708. Moreover, the record establishes that Plaintiff had ample time and opportunity to obtain and present proof in support of his Eighth Amendment claims, but failed to do so. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial"). Instead, Plaintiff waited until after the Court had granted summary judgment to the majority of the Defendants to file his first sworn statement, and provided no explanation for this belated filing of evidence in support of his position [Doc. 146]. Ultimately, Plaintiff's failure to timely present evidence supporting his position on summary judgment is not a ground for relief under Rule 59(e), and the Court finds that Rule 59(e) relief is not appropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration [Doc. 157] is **DENIED**.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE